**AUSTIN POWDER COMPANY,**
**Appellant**

**v.**

**Billy Keith STACY; Hon. R. Roland Case, Administrative Law Judge; and Workers' Compensation Board, Appellees**

**NO. 2015-CA-001947-WC**

Court of Appeals of Kentucky.

RENDERED: JULY 15, 2016; 10:00 A.M.

BRIEF FOR APPELLANT: Walter E. Harding, Louisville, Kentucky

BRIEF FOR APPELLEE: McKinnley Morgan, London, Kentucky.

BEFORE: COMBS, DIXON AND STUMBO, JUDGES.

## OPINION

COMBS, JUDGE:

Appellant, Austin Powder Company (Austin Powder) seeks review of a Workers' Compensation Board (Board) decision affirming the ALJ's award of 50% disability to Appellee, Billy Keith Stacy (Stacy), in this Coal Workers' Pneumoconiosis (CWP) claim. We affirm for the reasons set forth below.

We refer to the record only as relevant to the issue on appeal. On November 1, 2012, Stacy filed an Application for Resolution of CWP claim, alleging that he be-

1. Kentucky Revised Statutes (KRS).

2. KRS 342.732(2) provides that "[t]he presence of respiratory impairment resulting from exposure to coal dust shall be established by using the largest forced vital capacity (FVC)

came affected on April 16, 2012. He subsequently amended his claim to include a pulmonary impairment. The medical evidence is conflicting. The January 14, 2015, Benefit Review Conference (BRC) Memorandum and Order reflects that the only issues preserved for further proceedings were notice, credit for Stacy's injury award, and the income benefits for CWP that are governed by KRS[1] 342.732. In its Brief to the ALJ, Austin Powder argued that Stacy did not have a compensable claim for pneumoconiosis. In the alternative, it argues that any award should be limited to 25% pursuant to KRS 342.732 (1)(b)1, which provides that there shall be an irrebuttable presumption that the employee has a disability rating of twenty-five percent (25%) resulting from exposure to coal dust:

> If an employee has a radiographic classification of category 1/0, 1/1, or 1/2 [CWP] and respiratory impairment evidenced by spirometric test values of fifty-five percent (55%) or more but less than eighty percent (80%) of the predicted normal values ....

In his Opinion, Award and Order rendered June 15, 2015, the ALJ explained that he was persuaded by Dr. Westerfield, who was independently selected by the Department of Workers' Claims to evaluate Stacy. Furthermore, he stated as follows:

> Pursuant to KRS 342.732(2),[2] the [ALJ] must use either the highest FVC value or highest FEV1 value determined from the totality of all spirometric testing. See Watkins v. Ampak Mining Inc., 834 S.W.2d 699 (Ky.App.1992). Addition-

value or the largest forced expiratory volume in one second (FEV1) value determined from the totality of all such spirometric testing performed in compliance with accepted medical standards."

ally pursuant to <u>Fields v. Carbon Coal Company</u>, 920 S.W.2d 880 (Ky.App. 1996), the [ALJ] does not have the discretion to choose between pre-bronchodilator or post-bronchodilator testing, but must accept the highest. Therefore, consistent with the above, the [ALJ] must accept the post-bronchodilator study performed by Dr. Westerfield indicating an FVC of 81% and a FEV1 of 54%. The [ALJ] can rely on either the highest FVC or highest FEV1.

The ALJ found that Stacy had established the presence of CWP Category 1/0 and respiratory impairment evidenced by a FEV1 less than 55%; that his impairment was due at least in part to coal mining; and that it was, therefore, compensable. The ALJ awarded benefits for 50% disability pursuant to KRS 342.732(1)(c), which provides that there shall be an irrebuttable presumption that the employee has a disability rating of fifty percent (50%) resulting from exposure to coal dust if:

> ... it is determined that an employee has a radiographic classification of category 1/0, 1/1, or 1/2, and respiratory impairment resulting from exposure to coal dust as evidenced by spirometric test values of less than fifty-five percent (55%) of the predicted normal values ...

Austin Powder petitioned for reconsideration and argued, *inter alia*, that "if one takes the highest FVC of eighty-one (81%) percent [Stacy] would then just be entitled to a twenty-five (25%) percent impairment." Austin Powder requested additional findings of fact as to why the ALJ "chose the FEV1 as opposed to the FVC." By Order of July 22, 2015, the ALJ denied the Petition. He noted that pursuant to *Watkins v. Ampak Mining,* he had the discretion to use either the FVC or the FEV1. He explained that he had used the FEV1 because it was abnormal and the doctors

indicated Stacy had a respiratory impairment. The FVC was above 80% or normal.

Austin Powder appealed to the Board and argued, at page 7 of its Brief, that:

> The ALJ's findings of a fifty (50%) percent are correct under [KRS 342.732]. However, what about *Vision Mining* ...? *Vision Mining, supra,* basically held that it was unconstitutional to differentiate between the different types of pneumoconiosis claims in terms of determining entitlement to benefits. Therefore, special rules concerning determination of entitlement for CWP in *Newberg v. Chumley,* [824 S.W.2d 413 (Ky.1992)], *Watkins v. Ampak Mining, Inc.,* Ky. App., 834 S.W.2d 699 (1992) and KRS 342.732 are unconstitutional.

We have carefully reviewed *Vision Mining, Inc. v. Gardner,* 364 S.W.3d 455 (Ky. 2011), in light of Austin Powder's argument. *Vision Mining* involved an equal protection challenge to KRS 342.316, which set forth the evidentiary procedure and standard for CWP claims. The Court explained as follows:

> In the first instance, KRS 342.316(3) requires a two-step "consensus" procedure for evaluating X-ray evidence of [CWP] ... [The] claimant must submit an X-ray, along with an interpretation of that X-ray. KRS 342.316(3)(b)1. The employer may then submit its own X-ray and interpretation. KRS 342.316(3)(b)4.d. If the two interpretations do not agree, the highest quality X-ray is sent to a panel consisting of three individual "B" readers, chosen at random, who issue their own interpretation. KRS 342.316(3)(b)4.e. If a consensus is not reached by the panel, the ALJ renders a decision based on the evidence submitted. If ... there is a consensus, copies of the report are considered as evidence. For all practical purposes, this

consensus is the *only* evidence controlling the result.

. . .

Secondly, once a consensus is reached by at least two of the three chest X-ray interpreters, it is presumptively correct "unless overcome by clear and convincing evidence." KRS 342.316(13).

*Id.* at 458–59 (citations and footnotes omitted).

By contrast, workers with **non-coal-related pneumoconiosis** do not undergo the consensus procedure; they are only required to undergo a University Evaluation and are not required to produce "clear and convincing evidence" to rebut it. *Id.* at 460. The Court discerned "no rational basis or substantial and justifiable reason ... [for] differing standard of proof requirements *for the same disease.*" *Id.* at 472 (italics original). The Court held that the consensus procedure and "clear and convincing" evidentiary standard were unconstitutional, and it considered the dual standard of classification of CWP claimants "to be arbitrary in regard to the more stringent proof or procedures required ...." *Id.* at 473.

By Opinion rendered on November 20, 2015, the Board affirmed the ALJ in the following language:

On appeal, Austin Powder concedes that under KRS 342.732(2) and the prior decision in Newberg v. Chumley, 824 S.W.2d 413 (Ky. [1992]), the ALJ's finding of a 50% disability is correct. However, it argues that the holding in Vision Mining requires that CWP claims be decided in the same manner as other claims involving pneumoconiosis. It contends the special rules concerning enti-

tlement for CWP benefits enunciated in Newberg v. Chumley, Watkins v. Ampak Mining, *Inc.* and KRS 342.732 are unconstitutional in light of the holding in Vision Mining. According to Austin Powder's reading of these cases, the ALJ is required to follow the American Medical Association, Guides to the Evaluation of Permanent Impairment, 5th Edition and to conclude the FVC is the only relevant measurement of entitlement to disability. It contends the FEV1 cannot be used because it measures an obstructive defect as opposed to a restrictive defect caused by CWP.

The constitutionality issue is not properly preserved. Constitutionality of the statute was not listed as a contested issue in the January 14, 2015 Benefit Review Conference Order.... Austin Powder's brief before the ALJ did not address the issue. In fact, it first raised the issue in its petition for reconsideration.[3] Finally, we note KRS 418.075 requires that notice be provided to the Attorney General in any proceeding which involves the constitutionality of a statute. After reviewing the record, we can find no indication notice was ever given to the Attorney General.

Furthermore, as an administrative tribunal, this Board has no jurisdiction to determine the constitutionality of a statute .... Likewise, an Administrative Law Judge lacks ... jurisdiction ....

Austin Powder's appeal is not merely a request to apply the holding in Vision Mining to the facts of this case, but rather a request to have KRS 342.732 declared unconstitutional. In Vision Mining, the Supreme Court found an equal protection violation where claimants al-

---

**3.** In fact, our review reveals that Austin Powder **did not mention** the constitutionality of KRS 342.732 in its petition for reconsideration. It only asked for "further findings of fact

with regard to the issue of constitutionality of KRS 342.316(1)(b)(4)(d-f)" with respect to the consensus procedure that was at issue in *Vision Mining.*

leging CWP were held to a standard of proof different than claimants alleging any other type of pneumoconiosis .... The Court [in *Vision Mining*] did not address the disability classes for CWP established in KRS 342.732, nor did it address KRS 342.732(2)....

Austin Powder now seeks to persuade us that "the Board erred in construing that [it was] contesting the constitutionality of KRS 342.732[.]" We disagree. At page 7 of its Brief to the Board, Austin Powder argued as follows:

*Vision Mining* ... basically held that it was unconstitutional to differentiate between the different types of pneumoconiosis claims in terms of determining entitlement to benefits. Therefore the special rules concerning determination of entitlement for CWP in *Newberg v. Chumley,...Watkins v. Ampak Mining, Inc.,* ... **and KRS 342.732, are unconstitutional.** (Emphasis added.)

Now, at pages 4-5 of its Petition for Review on Appeal to this Court, Austin Powder refines that original argument and changes its wording as follows:

*Vision Mining,* ... basically held that it was unconstitutional to differentiate between the different types of pneumoconiosis claims in terms of determining entitlement to benefits. In other words, special dispensation cannot be given to one pneumoconiosis disease over another.... Therefore, the special rules concerning the determination of entitlement for CWP set out in *Newberg v. Chumley,* ... and *Watkins v. Ampak Mining, Inc.,* allowing either the use of an FVC or FEV1 finding in CWP, **have been overruled.** (Emphasis added.)

This latter argument clearly was not the same argument that Austin Powder made to the Board. And the Board did not misconstrue what was being argued. We nonetheless conclude that the issue was unpreserved for appellate review. It was not listed as a contested issue in the BRC Memorandum and Order. 803 KAR 25:010 § 13(13) provides that: "If at the conclusion of the benefit review conference the parties have not reached agreement on all the issues, the administrative law judge shall: (a) Prepare a summary stipulation of all contested and uncontested issues ...." Furthermore, § 14 provides that: "Only contested issues shall be the subject of further proceedings."

Austin Powder did not raise the issue either in its Brief to the ALJ or in its Petition for Reconsideration. It simply requested that the ALJ make further findings of fact as to why he used the FEV1 instead of the FVC. Having failed to raise the issue before the ALJ, Austin Powder is precluded from doing so on appeal. *Whittaker v. Hurst*, 39 S.W.3d 819, 822 (Ky. 2001).

However, the fact that Austin Powder reworded its argument on appeal to this Court does not change its substance. We agree with the Board that this appeal is a request to have KRS 342.732 declared unconstitutional. We affirm the Board—albeit on somewhat different grounds.

In *Scott v. AEP Kentucky Coals, LLC*, 196 S.W.3d 24 (Ky.App.2006), this Court explained that:

[The claimant] does raise the challenges to the statutes for the first time in this appeal; thus, those arguments were not argued before the ALJ or the Board. We believe, nevertheless, that they have been sufficiently preserved for review in this Court.... [A]dministrative agencies cannot decide constitutional issues. As a result, we do not believe [the claimant's] constitutional argument should be barred because it was not made before the Board. Furthermore, [the claimant] notified the Attorney General of the

challenge to the constitutionality of a statute by serving a copy of the brief, as KRS 418.075 requires.

*Id.* at 26–27 (citations omitted).

KRS 418.075(2)provides that:

In any appeal to the Kentucky Court of Appeals or Supreme Court or the federal appellate courts in any forum which involves the constitutional validity of a statute, the Attorney General shall, before the filing of the appellant's brief, be served with a copy of the pleading, paper, or other documents which initiate the appeal in the appellate forum. This notice shall specify the challenged statute and the nature of the alleged constitutional defect."

In *Homestead Nursing Home v. Parker,* 86 S.W.3d 424, 427 (Ky.App.1999), the employer contended that it had an immediate right to appeal from an arbitrator's interlocutory award of TTD and medical benefits. This Court determined that the employer had failed to preserve for review "certain constitutional issues allegedly implicit in this contention." *Id.* at 427. The Court held that before it "may address a challenge to the constitutionality of a statute or regulation, ... the Attorney General must be notified. CR 24.03; KRS 418.075. [The employer] has failed to give such notice. Our Supreme Court has held that the notification requirement is mandatory and should be strictly enforced." *Id.* at 425, n. 1. *See Benet v. Com.,* 253 S.W.3d 528, 532–33 (Ky.2008). ("[S]trict compliance with the notification provisions of KRS 418.075 is mandatory .... [W]e reject the ... conclusion that an appellate court may rule on an "as applied" challenge to a statute's constitutionality [where a party failed to] comply with KRS 418.075 .... KRS 418.075 contains no exceptions for 'as applied' challenges.")(footnotes omitted).

CR [4] 76.25 governs review of workers' compensation board decisions in the Court of Appeals. Subsection (8) provides in relevant part as follows:

In any case in which the constitutionality of a statute is questioned, a copy of the petition and response shall be served on the Attorney General of the Commonwealth by the party challenging the validity of the statute. The Attorney General may file an entry of appearance within ten (10) days of the date of such service. If no entry of appearance is filed, no further pleadings need be served on the Attorney General.

Austin Powder is questioning the constitutionality of KRS 342.732 in light of the decision in *Vision Mining.* The record does not reflect that Austin Powder complied with the notification requirements of CR 76.25(8) and KRS 418.075(2). Therefore, we must decline to address the issue.

The November 20, 2015, Opinion of the Workers' Compensation Board is affirmed.

ALL CONCUR.

---

4. Kentucky Rules of Civil Procedure (CR).