RENDERED: SEPTEMBER 24, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0776-WC

BERYL RUSSELL                 APPELLANT

PETITION FOR REVIEW OF A DECISION

v.         OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-19-52039

FORD MOTOR CO.; HONORABLE JONATHAN
WEATHERBY, ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD        APPELLEES

AND

NO. 2021-CA-0869-WC

FORD MOTOR CO.            CROSS-APPELLANT

CROSS-PETITION FOR REVIEW OF A DECISION

v.         OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-19-52039

BERYL RUSSELL; HONORABLE JONATHAN
WEATHERBY, ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD        CROSS-APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; TAYLOR AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Beryl Russell appeals from an order of the Kentucky Workers' Compensation Board, which affirmed an award of workers' compensation benefits entered by an administrative law judge (ALJ). Mr. Russell raises one issue on appeal, that Kentucky Revised Statutes (KRS) 342.730(4) is unconstitutional. Ford Motor Co. also cross-appeals the same opinion of the Board. Ford argues that Mr. Beryl was not permanently and totally disabled as held by the ALJ. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

At the time of his injury, Mr. Russell was 70 years old, had a high school diploma, and had some vocational training as an iron worker. He began working for Ford in 1993 and had at all times been employed with that company as a millwright. His duties included moving machinery, welding, cutting, fabricating, and building. On December 1, 2019, while performing his work-related duties, Mr. Russell fell from a stepladder and onto a post. He was injured from the fall

-2-

and diagnosed with a T12 compression fracture. He was restricted from work for a few months, but then was released to return to unrestricted work on March 2, 2020. No doctor recommended surgery. Mr. Russell testified that, even though he was released to unrestricted work, he was still in pain and unable to do the same work-related activities as he had pre-injury. Mr. Russell continued working until June 30, 2020, at which point he retired.

Medical records were introduced into evidence. Dr. Jules Barefoot originally believed Mr. Russell could return to work unrestricted, but after additional examinations, placed restrictions on him. Dr. Barefoot also concluded that Mr. Russell would not be able to return to his prior position on a regular basis. Dr. Ricky Lyon opined that Dr. Barefoot's restrictions were more involved than the restrictions he would have placed on Mr. Russell. Dr. Lyon also believed Mr. Russell could return to a less strenuous level of work than he originally performed.

The ALJ in this case found as persuasive Mr. Russell's testimony regarding the difficulty he had when he returned to work and that the pain he was experiencing caused him to retire. The ALJ found this testimony also supported Dr. Barefoot's medical opinion. In determining whether Mr. Russell was permanently and totally disabled, the ALJ, citing *Ira A. Watson Department Store v. Hamilton*, 34 S.W.3d 48 (Ky. 2000), considered Mr. Russell's age, level of education, vocational skills, medical restrictions, and the likelihood he could

resume some type of work under normal employment conditions. The ALJ found as follows:

> The Plaintiff credibly testified that he had worked as a millwright since 1993, and that his job required lifting, twisting, turning, and bending. It has been stipulated that the Plaintiff was 70 years of age on the date of the injury. The Plaintiff credibly testified that he retired because he could not physically perform the duties of the job any more due to the effects of the work injury.
>
> . . . The ALJ therefore finds based upon the Plaintiff's advanced age, significant restrictions, and demonstrated difficulty in performing the duties of the only job he has had for 27 years, that the Plaintiff is not likely to be able to provide services to another in return for remuneration on a regular and sustained basis in a competitive economy. Accordingly, the ALJ finds that the Plaintiff is permanently and totally disabled.

The ALJ also restricted the duration of Mr. Russell's benefits pursuant to KRS 342.730(4).

Ford then appealed to the Board, which affirmed. We must also note that Mr. Russell raised the constitutionality of KRS 342.730(4) issue before both the ALJ and Board; however, these administrative entities could not rule on constitutional issues. *Commonwealth v. DLX, Inc.*, 42 S.W.3d 624, 626 (Ky. 2001). These appeals followed.

## ANALYSIS

We will first address Mr. Russell's appeal. Mr. Russell argues that KRS 342.730(4) is unconstitutional. He claims that it discriminates against older workers. KRS 342.730(4) states:

> All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs. In like manner all income benefits payable pursuant to this chapter to spouses and dependents shall terminate as of the date upon which the employee would have reached age seventy (70) or four (4) years after the employee's date of injury or date of last exposure, whichever last occurs.

We are unable to reach the merits of this claim because Mr. Russell failed to inform the Kentucky Attorney General of this challenge. Kentucky Rules of Civil Procedure (CR) 76.25(8) and KRS 418.075(2) require that a party questioning the constitutionality of a statute notify the Kentucky Attorney General of the challenge. There is no evidence in the record that Mr. Russell notified the Kentucky Attorney General[1] and such notification is mandatory before this Court can rule on the issue. *Slaughter v. Turns*, 607 S.W.3d 692, 694 (Ky. 2020); *Austin Powder Company v. Stacy*, 495 S.W.3d 732, 737 (Ky. App. 2016); *Scott v. AEP*

---

[1] Also, Mr. Russell's brief before this Court does not indicate that he notified the Kentucky Attorney General of this appeal.

*Kentucky Coals, LLC*, 196 S.W.3d 24, 26 (Ky. App. 2006); *Homestead Nursing Home v. Parker*, 86 S.W.3d 424, 425 n.1 (Ky. App. 1999).

We will now turn to Ford's cross-appeal. Ford argues that the ALJ committed reversible error by awarding permanent total disability benefits. Ford argues there was insufficient evidence to prove permanent and total disability.

"The function of further review of the [Board] in the Court of Appeals is to correct the Board only where the . . . Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

> KRS 342.285 designates the ALJ as the finder of fact. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985), explains that the fact-finder has the sole authority to judge the weight, credibility, substance, and inferences to be drawn from the evidence. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986), explains that a finding that favors the party with the burden of proof may not be disturbed if it is supported by substantial evidence and, therefore, is reasonable.

*AK Steel Corp. v. Adkins*, 253 S.W.3d 59, 64 (Ky. 2008). "Substantial evidence means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Smyzer v. B. F. Goodrich Chemical Co.*, 474 S.W.2d 367, 369 (Ky. 1971) (citation omitted).

Ford claims that the evidence supported a finding that Mr. Russell was not permanently and totally disabled because he was originally released to return to work without restrictions, he worked for over three months in the same position he held before his injury, and Dr. Lyon believed he could return to some kind of work.

"'Permanent total disability' means the condition of an employee who, due to an injury, has a permanent disability rating and has a complete and permanent inability to perform any type of work as a result of an injury[.]" KRS 342.0011(11)(c). "'Work' means providing services to another in return for remuneration on a regular and sustained basis in a competitive economy[.]" KRS 342.0011(34).

> Determining whether a claimant is permanently and totally disabled requires an individualized determination of what the worker is and is not able to do after recovering from the work injury. . . . [I]t necessarily includes a consideration of factors such as the worker's post-injury physical, emotional, intellectual, and vocational status and how those factors interact. It also includes a consideration of the likelihood that the particular worker would be able to find work consistently under normal employment conditions. A worker's ability to do so is affected by factors such as whether the individual will be able to work dependably and whether the worker's physical restrictions will interfere with vocational capabilities. The definition of "work" clearly contemplates that a worker is not required to be homebound in order to be found to be totally occupationally disabled.

*Ira A. Watson Dep't Store*, 34 S.W.3d at 51 (citation omitted).

Here, we believe there was no error in concluding Mr. Russell was entitled to permanent total disability benefits because the ALJ's decision was supported by substantial evidence. The ALJ found as credible Mr. Russell's testimony about the difficulty he had when he returned to work. "A worker's testimony is competent evidence of his physical condition and of his ability to perform various activities both before and after being injured." *Id.* at 52 (citation omitted). In addition, Dr. Barefoot indicated Mr. Russell should have restrictions on any future work and could not return to his previous job at Ford. Finally, the ALJ specifically considered the *Ira A. Watson Dep't Store* factors. The ALJ held based on Mr. Russell's "advanced age, significant restrictions, and demonstrated difficulty in performing the duties of the only job he has had for 27 years, that [Mr. Russell] is not likely to be able to provide services to another in return for remuneration on a regular and sustained basis in a competitive economy." Although there may have been evidence contrary to the ALJ's conclusion, this is insufficient to overturn an award. *Thompson v. Kentucky Unemployment Ins. Comm'n*, 85 S.W.3d 621, 624 (Ky. App. 2002).

## CONCLUSION

Based on the foregoing, we affirm the opinion of the Board and the ALJ. Mr. Russell is precluded from raising the constitutionality of KRS

342.730(4) issue because he failed to first notify the Kentucky Attorney General.

As for Ford's appeal, it is without merit because the ALJ's finding of permanent

total disability was supported by substantial evidence.

ALL CONCUR.

| BRIEFS FOR APPELLANT/CROSS-APPELLEE: | BRIEF FOR APPELLEE/CROSS-APPELLANT FORD MOTOR CO.: |
|---|---|
| Ched Jennings<br>Louisville, Kentucky | George T. T. Kitchen, III<br>Louisville, Kentucky |