RENDERED:  DECEMBER 1, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0722-WC

GENERAL MOTORS                                   APPELLANT


                PETITION FOR REVIEW OF A DECISION
v.           OF THE WORKERS' COMPENSATION BOARD
                   ACTION NO. WC-20-97001


THOMAS PAYNE; HONORABLE
GRANT S. ROARK,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                         APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, DIXON,[1] AND ECKERLE, JUDGES.

DIXON, JUDGE:  General Motors (GM) petitions for review of the Workers'

Compensation Board (Board) opinion entered May 19, 2023, affirming the

Opinion, Order, and Award, entered November 21, 2022, as well as the order on

---

[1] Judge Donna Dixon authored the Opinion before her tenure with the Kentucky Court of Appeals expired on November 20, 2023.  Release of this Opinion was delayed by administrative handling.

reconsideration. Following a careful review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Thomas Payne worked as an electrician for GM. On January 13, 2020, Payne fell down GM's stairs. He was diagnosed with bilateral quadriceps tendon ruptures. Although Payne underwent surgical repair, he has not worked since the accident. His treating physician prescribed a cane and eventually released him to perform seated work only.

Payne sought workers' compensation benefits. As part of his claim, he was deposed and testified he could not perform the duties of his job post-injury due to the amount of walking, standing, and climbing required. He testified that he could sometimes walk short distances without the use of an assistive device but had difficulty maneuvering certain surfaces and often had to extend his arms in front of himself, "like Frankenstein," due to balance issues. Payne testified that he could not stand for more than one hour. Payne receives Social Security Disability benefits.

Payne underwent an Independent Medical Evaluation (IME) conducted by Dr. Robert Byrd, who found no deficits in Payne's range of motion (ROM). However, he noted that Payne walked with an antalgic gait and used an assistive device. Dr. Byrd assigned a 20% whole person permanent partial

impairment rating pursuant to the gait derangement table in the AMA *Guides*.[2]  He

opined that Payne needed no further medical treatment and that it was unlikely his

condition would improve as he had achieved maximum medical improvement.

Subsequently, Payne underwent an IME performed by Dr. Ellen

Ballard.  Payne walked in and out of Dr. Ballard's office without using his

assistive device.  He then accidentally left his assistive device in her office and was

called back to retrieve it.  Payne stated that he had done so at other places but

usually remembered his device around the time he got to his car.  Dr. Ballard found

no deficits in his ROM and declined to use the gait derangement table in the AMA

*Guides*.  Ultimately, Dr. Ballard filed two reports and assigned a 2% whole person

impairment rating for pain in one report, based on her interpretation of the AMA

*Guides*, and a 0% impairment rating in the second report.

A final hearing was held at which Payne testified consistently with his

prior deposition testimony.  On November 21, 2022, the ALJ entered his Opinion,

Order, and Award in which he adopted Dr. Byrd's opinions – finding Payne to be

permanently partially disabled (PPD) with a 20% impairment rating – and awarded

him 6% interest on all past due benefits pursuant to KRS[3] 342.040.  GM petitioned

the ALJ to reconsider his Opinion, Order, and Award, which was denied.  GM then

---

[2]  American Medical Association's *Guides to the Evaluation of Permanent Impairment* (5th ed.).

[3]  Kentucky Revised Statutes.

appealed to the Board, which ultimately affirmed the ALJ.  This petition for review

followed.

## STANDARD OF REVIEW

The appropriate standard of review was summarized in *Bowerman v.*

*Black Equipment Company*, 297 S.W.3d 858, 866-67 (Ky. App. 2009).

> Appellate review of any workers' compensation decision is limited to correction of the ALJ when the ALJ has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice.  [*W.*] *Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).  Our standard of review differs in regard to appeals of an ALJ's decision concerning a question of law or a mixed question of law and fact *vis-à-vis* an ALJ's decision regarding a question of fact.
>
> The first instance concerns questions of law or mixed questions of law and fact.  As a reviewing court, we are bound neither by an ALJ's decisions on questions of law or an ALJ's interpretation and application of the law to the facts.  In either case, our standard of review is *de novo*.  *Carroll v. Meredith*, 59 S.W.3d 484, 489 (Ky. App. 2001); *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998).  *De novo* review allows appellate courts greater latitude in reviewing an ALJ's decision. [*Purchase Transp. Servs. v. Est. of Wilson*, 39 S.W.3d 816, 817-18 (Ky. 2001); *Uninsured Emps.' Fund v. Garland*, 805 S.W.2d 116, 117 (Ky. 1991)].
>
> The second instance concerns questions of fact. KRS 342.285 designates the ALJ as finder of fact, and has been construed to mean that the factfinder has the sole discretion to determine the quality, character, weight, credibility, and substance of the evidence, and to draw reasonable inferences from the evidence.

*Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985); [*McCloud v. Beth-Elkhorn Corp.*, 514 S.W.2d 46, 47 (Ky. 1974)]. Moreover, an ALJ has sole discretion to decide whom and what to believe, and may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof. [*Caudill v. Maloney's Disc. Stores*], 560 S.W.2d 15, 16 (Ky. 1977).

KRS 342.285 also establishes a "clearly erroneous" standard of review for appeals concerning factual findings rendered by an ALJ, and is determined based on reasonableness. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986). Although an ALJ must recite sufficient facts to permit meaningful appellate review, KRS 342.285 provides that an ALJ's decision is "conclusive and binding as to all questions of fact," and that the Board "shall not substitute its judgment for that of the [ALJ] as to the weight of evidence on questions of fact[.]" *Shields v. Pittsburgh & Midway Coal Mining Co.*, 634 S.W.2d 440, 441 (Ky. App. 1982). In short, appellate courts may not second-guess or disturb discretionary decisions of an ALJ unless those decisions amount to an abuse of discretion. [*Medley v. Bd. of Educ., Shelby Cnty.*, 168 S.W.3d 398, 406 (Ky. App. 2004)]. Discretion is abused only when an ALJ's decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Downing v. Downing*, 45 S.W.3d 449, 454 (Ky. App. 2001).

. . .

Generally, "arbitrariness" arises when an ALJ renders a decision on less than substantial evidence, fails to afford procedural due process to an affected party, or exceeds her statutory authority. [*K & P Grocery, Inc. v. Commonwealth, Cabinet for Health Servs.*, 103 S.W.3d 701, 703 (Ky. App. 2002)].

Substantial evidence is "that which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person." *Bowling v. Nat. Res. & Env't Prot. Cabinet*, 891 S.W.2d 406, 409 (Ky. App. 1994). Our standard of review requires that we show considerable deference to the ALJ and the Board.

## LEGAL ANALYSIS

On appeal, GM first argues that the ALJ erred in adopting Dr. Byrd's opinion that Payne qualified for a 20% impairment rating under the gait derangement table in the AMA *Guides* because there was no substantial evidence that Payne routinely uses an assistive device. The 20% rating therein "[r]equires **_routine_** use of a cane[.]" (Emphasis added.) The testimonies of Payne, his treating physician, and Dr. Byrd all support the findings of Dr. Byrd and the ALJ that the 20% impairment rating was appropriate for Payne based upon his use of an assistive device. The fact that substantial evidence, such as the testimony of Dr. Ballard, may also support a contrary conclusion is immaterial.[4]

---

[4] It is well-established that:

> Regardless of conflicting evidence, the weight of the evidence, or the fact that the reviewing court would have reached a contrary finding, "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses" because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court. Thus, "[m]ere doubt as to the correctness of [a] finding [will] not justify [its] reversal," and

Furthermore, the Supreme Court of Kentucky has held "[t]o be *grounded* in the *Guides* is not to require a *strict adherence* to the *Guides*, but rather a *general conformity* with them [and an] opinion that is *based upon* the *Guides* is different from one that *strictly adheres to* the *Guides*." *Plumley v. Kroger, Inc.*, 557 S.W.3d 905, 912-13 (Ky. 2018). In the case herein, "[b]ecause the evidence revealed no more than a difference of medical opinion regarding the proper interpretation of the *Guides* and the most accurate impairment under the *Guides*, the ALJ was free to choose the expert upon whom to rely." *Id.* at 912. Therefore, we cannot say the ALJ erred in choosing to rely upon Dr. Byrd's impairment rating, which was based on the AMA *Guides*, even if it did not follow those to the letter.[5]

GM next argues that imposing prejudgment interest on a past-due PPD award under KRS 342.040 is an unconstitutionally vague civil penalty. However, KRS 418.075 requires that notice be provided to Kentucky's Attorney

---

appellate courts should not disturb trial court findings that are supported by substantial evidence.

*Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (footnotes omitted).

[5] The only impairment ratings assigned to Payne were from Dr. Byrd and Dr. Ballard. While GM argues on appeal that Dr. Byrd's rating should have been 15% (because that rating only "requires part-time use of cane or crutch for distance walking but not usually at home or in the workplace") instead of 20% based on the frequency Payne uses his assistive device, a 20% rating is much closer to that level of impairment (15%) than the 2% rating proffered by Dr. Ballard. Accordingly, the ALJ chose the rating that more closely followed GM's interpretation of the AMA *Guides*, although GM has not demonstrated that it is qualified to interpret them.

General in any proceeding which involves the constitutionality of a statute.  Upon review of the record, we find no indication that notice was given to the Attorney General at any stage of the proceeding below or on appeal.  The Supreme Court of Kentucky has held that the notification requirement is mandatory and should be strictly enforced.  *See Austin Powder Co. v. Stacy*, 495 S.W.3d 732, 737 (Ky. App. 2016).  Because GM failed to comply with the notice requirement, we must decline to address the issue.  *See id.*

## CONCLUSION

For the foregoing reasons, the Opinion of the Board is hereby AFFIRMED.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE THOMAS PAYNE: |
|---|---|
| Jeremy N. Faulk<br>Louisville, Kentucky | W. Cravens Priest III<br>Bowling Green, Kentucky |