TUBE TURNS DIVISION, Appellant,

v.

Harlen T. LOGSDON; Workers' Compensation Board; and Thelma L. Stovall, Commissioner of Labor and Custodian of the Special Fund, Appellees.

Court of Appeals of Kentucky.

Oct. 19, 1984.

Irvin Abell, III, John M. Nader, Brown, Todd & Heyburn, Louisville, for appellant.

W. Ken Nevitt, Williams & Palmore, Louisville, for Harlen Logsdon.

Douglas U'Sellis, Dept. of Labor, Louisville, for appellees.

Before HOWARD, LESTER and MILLER, JJ.

HOWARD, Judge.

The employer appeals from a judgment of the Jefferson Circuit Court dismissing its appeal from an order of the Workers' Compensation Board awarding medical expenses and temporary total disability benefits to the claimant.

The claimant herein, Harlen T. Logsdon, filed an application for adjustment of claim with the Workers' Compensation Board on January 3, 1983, seeking temporary total disability benefits and permanent partial disability benefits for a work-related injury allegedly sustained on March 3, 1981. A hearing on the question of temporary total disability benefits was conducted on February 24, 1983, before a hearing officer. This hearing officer recommended that the Board order payment of temporary total disability benefits and medical payments to the claimant. The Board awarded temporary total disability benefits and medical expenses as well as ordering that the case be held in abeyance until the benefits are terminated by the Board.

The employer did not file exceptions to the hearing officer's recommendations or make a motion for the Board to reconsider its decision. Instead, it appealed to the Jefferson Circuit Court, alleging that the Board's order was not supported by the evidence and was in excess of the Board's power. The Jefferson Circuit Court dismissed the appeal, holding that the Board's order was not a final order from which an appeal could be taken. The employer now brings this appeal. We reverse.

The two issues raised by the employer in this appeal are: 1) whether the order awarding payment of medical expenses and total temporary benefits represents a final and appealable order; and 2) whether the issuance of this order was based on sufficient, material and probative evidence and was in conformance with KRS 342.275.

■ KRS 342.285 expressly provides that a party has twenty days after the rendition of the final award or order to file an appeal. A final order has been defined as one that "either terminates the action itself, decides some matter litigated by the parties or operates to divest some right, in such a manner as to put it out of the power of the court making the order after the expiration of the term to place the parties in their original condition." *North American Refractories v. Day,* 284 Ky. 458, 145 S.W.2d 75 (1940). This definition has been applied to Workers' Compensation cases, *cf. Searcy v. Three Point Coal Co.,* 280 Ky. 683, 134 S.W.2d 228 (1939); *Green River Fuel Co. v. Sutton,* 260 Ky. 288, 84 S.W.2d 79 (1935). We believe the Board's award to be appealable under this standard. To conclude otherwise would subject an employer to the danger of paying an award of temporary disability and medical expense which might amount to a large sum of money and then being unable to collect back the monies paid if a reviewing court determines that the injury was unconnected to the claimant's employment or that the award is erroneous in some other fashion. The claimant can still be protected during the pendency of the appeal by the operation of KRS 342.300. We also believe KRS 342.285 contemplates judicial review of such an award as presented here.

As for appellant's second issue concerning the sufficiency of evidence and procedure of the Board, we remand it to the Jefferson Circuit Court since the question was not reached by the court below.

The judgment is reversed and the action remanded for proceedings consistent with this opinion.

All concur.