TRANSIT AUTHORITY OF RIVER
CITY, Appellant,

v.

Amelda L. SALING, Donna H. Terry,
Administrative Law Judge, Workers'
Compensation Board, Appellees.

No. 88–CA–2588–WC.

Court of Appeals of Kentucky.

July 21, 1989.

Thomas J. Banaszynski, Gittleman,
Bleidt & Barber, Louisville, for appellant.

Gary S. Logsdon, Brownsville, for appellee Almeda L. Saling.

Before DYCHE, EMBERTON and
MILLER, JJ.

DYCHE, Judge.

Amelda L. Saling filed an Application for
Adjustment of Claim with the Workers'
Compensation Board on May 23, 1988,
alleging an injury related to her employment with the Transit Authority of River
City [hereinafter "T.A.R.C."], on October
16, 1986. Her motion for reinstitution of
temporary total disability benefits pursuant to 803 KAR 25:011(9) was opposed by
T.A.R.C. on the grounds that the medical
evidence showed that she had reached
"maximum medical improvement" and was
therefore not disabled as to other occupations available to her.

The Administrative Law Judge, on August 17, 1988, found Saling to be temporarily totally disabled and awarded her benefits of $267.21 per week "from March 31,
1988 and continuing for so long thereafter
as her temporary total disability continues,
unless a final determination as to her entitlement to permanent disability benefits
sooner occurs."

The petition for reconsideration filed by
T.A.R.C. was overruled on September 20,
1988. On October 6, 1988, T.A.R.C. filed a
notice of appeal with the Workers' Compensation Board; on October 28, 1988, the
appeal was dismissed on motion of Saling,
who claimed that the order for temporary
total disability benefits was interlocutory,
non-final and not appealable.

T.A.R.C. now appeals, asserting that under the logic expressed in *Tube Turns Division v. Logsdon,* Ky.App., 677 S.W.2d
897 (1984), the temporary total disability
order *is* appealable. We disagree and dismiss the appeal.

The General Assembly enacted a comprehensive revision of the Workers' Compensation Act in 1988; pursuant to those
changes, the regulations (803 KAR 25:011)
governing "procedure in applications for
adjustments of claims" were also drastically revised. Temporary total disability benefits are provided for by 803 KAR
25:011(9), "Interlocutory Relief"; each of
the nine subsections of that section also
refers to "interlocutory relief." Under
that section, the Administrative Law Judge
(the fact finder) may grant such relief if
the record shows that the claimant is "eligible" for the relief sought, and that "he will
suffer immediate and irreparable injury,
loss, or damage pending a *final decision*
on the application." (emphasis added).

KRS 342.285 allows for the appeal of
"[a]n award or order of the Administrative
Law Judge...." These awards or orders
are entered by the Administrative Law
Judge within a statutorily mandated period
of time following a "hearing on the matters
at issue" which follows the "prehearing

conference." 803 KAR 25:011(12) governs these appeals:

> Appeals to the Workers' Compensation Board. (1) Within thirty (30) days after the date of filing of a written opinion, order or decision *finally adjudicating a case,* a party aggrieved by the opinion, order or decision may appeal the opinion, order or decision to the Workers' Compensation Board.

(emphasis added).

This language, coupled with the language of 803 KAR 25:011(9) above, leads us to believe that no appeal was intended by the General Assembly from an award of interlocutory relief in the form of temporary total disability benefits.

*Tube Turns* indicates that such an award is final because it

> ... decides some matter litigated by the parties or operates to divest some right, in such a manner as to put it out of the power of the court making the order after the expiration of the term to place the parties in their original condition.... To conclude otherwise would subject an employer to the danger of paying an award of temporary disability and medical expense which might amount to a large sum of money and then being unable to collect back the monies paid if a reviewing court determines that the injury was unconnected to the claimant's employment or that the award is erroneous in some other fashion.

*Tube Turns, supra,* at 898 (citations omitted).

We are unwilling to assume that under the new statute any amount paid under an interlocutory order would perforce be uncollectable from the claimant if the final decision found that such an award was erroneous. It is further our considered opinion that, from the above quoted statutes and regulations promulgated thereunder, the legislature has considered both sides of this conflict and has made a policy decision in favor of protecting the injured worker (where he is subject to immediate and irreparable injury, loss or damage) by deleting the appeal and supersedeas provisions from the statute and regulations. Further, by imposing upon the administra-tive law judges and the Workers' Compensation Board rather stringent time limits in these cases, it would appear that the legislature's intent was that the amounts paid by the employer for temporary disability and medical expenses would not amount "to a large sum of money," as feared in *Tube Turns.*

It is not our prerogative to disturb such a policy decision in the absence of constitutional violations, and none have been argued here.

The appeal is dismissed.

All concur.