RAMADA INN, Appellant,

v.

Norma Janece THOMAS; Robert L. Whittaker, Acting Director of Special Fund; Roger D. Riggs, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 94–SC–574–WC.

Supreme Court of Kentucky.

Feb. 16, 1995.

William P. Swain, Douglas A. U'Sellis, Boehl, Stopher, & Graves, Louisville, for appellant.

Patricia Ann Thomas, Ray B. White, White and Meredith, Bowling Green, for appellee Thomas.

Joel D. Zakem, Labor Cabinet—Sp. Fund, Louisville, for appellee Whittaker.

## OPINION OF THE COURT

On November 22, 1991, claimant filed a claim for compensation benefits, alleging an injury in the course of her employment. She also sought temporary, total disability (TTD) benefits, pursuant to 803 KAR 25:011(9), during the pendency of the claim. The employer resisted the claim for TTD benefits and asserted that claimant had been capable of returning to work in her usual occupation on September 15, 1991.

On March 6, 1993, the Administrative Law Judge (ALJ) determined that claimant had not yet reached maximum medical improvement and awarded TTD benefits. He also ordered that the claim be held in abeyance for three months, pending receipt from the claimant of additional medical and psychological reports.

The employer appealed the order of TTD benefits to the Workers' Compensation Board (Board), citing the decision in *Tube Turns Division v. Logsdon*, Ky.App., 677 S.W.2d 897 (1984), as authority for the principle that an award of TTD benefits is a final and appealable order because the parties could not be returned to their original condition if the award of benefits was later reversed. The employer also cited the decision in *Transit Authority of River City v. Saling*, Ky.App., 774 S.W.2d 468 (1989), in which the opposite result was reached, but argued that the rationale found in *Tube Turns* constituted "a more realistic assessment of the workings of the Kentucky workers' compensation system, than does the analysis provided by

the *Saling* Court." The employer asserted that it was "unrealistic" for the *Saling* court "to assume that because of the 'rather stringent time limits' contained in the statute and the regulations, the potential for overpayment of TTD and medical expenses amounting 'to a very large sum of money' does not exist." The appeal was dismissed as untimely.

 Thereafter, the employer appealed to the Court of Appeals, which affirmed the Board. The employer now appeals to this Court and raises several arguments regarding why the ALJ's order in this case should be considered final and appealable. We note, however, that most of these arguments were not raised in the employer's petition for reconsideration before the ALJ or in its response when claimant moved to dismiss the appeal to the Board. Therefore, in reviewing whether or not the Board was correct in dismissing the employer's appeal, we will consider only the arguments before the Board when it ruled on the motion to dismiss.

 In affirming the Board, the Court of Appeals explained that as a part of its comprehensive revision of the Workers' Compensation Act during the 1987 Special Session, the legislature drastically revised the procedure employed in the claims process. One result of those changes is 803 KAR 25:011(9), entitled "Interlocutory Relief." The court noted that subsection (1)(a) of that regulation provides that TTD benefits may be paid during the pendency of a claim upon the request of the claimant. The court also noted that, in *Saling,* it was determined that the language of both 803 KAR 25:011(9) and 803 KAR 25:011(12) reflected the legislature's intent that no appeal was to be taken from an award of interlocutory relief in the form of TTD benefits.

In the opinion in *Saling,* the court stated as follows:

We are unwilling to assume that under the new statute any amount paid under an interlocutory order would perforce be uncollectible from the claimant if the final decision found that such an award was erroneous. It is further our considered opinion that, from the above quoted statutes and regulations promulgated thereunder, the legislature has considered both sides of this conflict and has made a policy decision in favor of protecting the injured worker (where he is subject to immediate and irreparable injury, loss or damage) by deleting the appeal and supersedeas provisions from the statute and regulations. Further, by imposing upon the administrative law judges and the Workers' Compensation Board rather stringent time limits in these cases, it would appear that the legislature's intent was that the amounts paid by the employer for temporary disability and medical expenses would not amount "to a large sum of money," as feared in *Tube Turns.*

*Id.* at 469. We agree.

Accordingly, the decision of the Court of Appeals is, hereby, affirmed.

All concur.