**KING COAL COMPANY, Appellant,**

v.

**James Edward KING, Dr. Emanuel H. Rader, Administrative Law Judge, and Workers' Compensation Board, Appellees.**

No. 95–CA–3340–WC.

Court of Appeals of Kentucky.

March 7, 1997.

William P. Swain, Walter E. Harding, Louisville, for Appellant.

John E. Anderson, Barbourville, for Appellee King.

Robert B. Bowling, Middlesboro, for Appellee Rader.

Before COMBS, GUIDUGLI and KNOPF, JJ.

COMBS, Judge.

King Coal Company (King Coal) appeals from the opinion and order of the Workers' Compensation Board (Board) affirming in part, reversing in part the opinion of the ALJ and remanding the action to the ALJ for further findings. We dismiss the petition.

On June 6, 1988, the Workers' Compensation Board (the Old Board) determined that James Edward King was 100% occupationally disabled as a result of a work-related injury. Mr. King was awarded benefits and King Coal was held liable for medical expenses necessary and reasonable for the cure and relief of his disabling injury. On May 26, 1992, King Coal filed a motion to reopen Mr. King's claim to contest the compensability of medical bills submitted by Dr. Emanuel H. Rader for payment. Upon reopening, King Coal challenged the necessity and reasonableness of the medical bills relating to the treatment of Mr. King for anxiety, obesity, arthritis, bronchitis, and his amputated right arm. King Coal also contested the bills for the prescription of Valium, Percodan, and Tylenol # 3.

On March 17, 1995, the ALJ issued an opinion and order finding that the treatments for arthritis and obesity and the prescriptions for Percodan and Tylenol # 3 were not necessary and reasonable for the cure and relief of Mr. King's disabling injury. The ALJ also found that King Coal could not contest the medical bills that it had received more than 30 days prior to May 27, 1992. King Coal filed a petition for reconsideration, which was overruled. It appealed the ALJ's opinion to the Board. On November 10, 1995, the Board determined that the ALJ had failed to address the possible *res judicata* effect of the original 1988 award on the compensability of the medical expenses relating to prescription of Valium and Percodan. Therefore, the Board affirmed in part, reversed in part in the ALJ's opinion, and remanded King Coal's claim to the ALJ for

findings consistent with its opinion. This appeal followed.

On appeal, King Coal argues that the findings of the ALJ are not "sufficiently explicit" and urges this Court to remand the claim with directions that the ALJ make findings of fact on three issues: (1) the date the bills were submitted to King Coal; (2) which medical bills were for noncompensable treatments; and (3) the possible *res judicata* effect of the original 1988 award. However, we find that the disposition by the Board is not subject to judicial review.

Pursuant to SCR 1.030(5) and 803 KAR 25:012 § 14, a final decision of the Board may be appealed to this court. An order of the Board is appealable only if it terminates the action itself, acts to decide the matter litigated by the parties, or operates to determine some rights in such a manner as to divest the Board of power. *Tube Turns Division v. Logsdon,* Ky.App., 677 S.W.2d 897 (1984). *Cf., Searcy v. Three Point Coal Co.,* 280 Ky. 683, 134 S.W.2d 228 (1939), and *Transit Authority of River City v. Saling,* Ky.App., 774 S.W.2d 468 (1989). *See also, Ramada Inn v. Thomas,* Ky., 892 S.W.2d 593 (1995). An action which is remanded only for further findings of fact and not to make a disposition that would terminate the action, as in the case *sub judice,* is not a final and appealable order within the meaning of CR 54.01. *Stewart v. Lawson,* Ky., 689 S.W.2d 21, 23 (1985).

The opinion of the Board did not determine the compensability of medical bills King Coal contested, nor did it address the *res judicata* effect of the 1988 order. Therefore, the order of the Board reversing in part and remanding the action to the ALJ was not a final and appealable order.

For the foregoing reasons, the petition is ordered dismissed.

All concur.