HOMESTEAD NURSING
HOME, Appellant,

v.

Lanny D. PARKER; Honorable W. Bruce Cowden, Jr., Administrative Law Judge; and The Workers' Compensation Board, Appellees.

No. 1998–CA–002619–WC.

Court of Appeals of Kentucky.

June 18, 1999.

Carla Foreman Dallas, Williams & Wagoner, Louisville, for Appellant.

No Brief for Appellee.

Before: KNOPF, KNOX, and SCHRODER, Judges.

*OPINION*

KNOPF, Judge:

In March 1998, Lanny Parker, the appellee herein, filed a resolution of injury claim with the Department of Workers' Claims. Pursuant to procedures delineated in 803 KAR Chapter 25, Parker's claim was assigned to an arbitrator, who duly conducted a benefit review conference. At the conference, Parker's claim was "bifurcated," which meant, apparently, that the arbitrator agreed to address preliminary issues concerning Parker's entitlement to medical benefits and temporary total disability (TTD) income, and to abate Parker's claim for permanent disability income benefits. Following the conference, the arbitrator ruled that Parker was entitled to medical benefits to defray the cost of back surgery, and to TTD benefits pending the results of that treatment. Parker's employer, Homestead Nursing Home, the appellant herein, denied that Parker's condition was work related. When the arbitrator ruled otherwise, Homestead sought *de novo* review by an administrative law judge (ALJ). Ruling that the arbitrator's award of TTD and medical benefits was interlocutory and not appealable, the Chief ALJ dismissed Homestead's appeal. Homestead thereupon appealed to the Workers' Compensation Board (Board), which, in an order entered September 21, 1998, summarily affirmed the ALJ's dismissal. Undaunted, Homestead has now appealed the Board's ruling to this Court. Homestead maintains that the ALJ and the Board have misconstrued both KRS 342.275, which provides for administrative appeal from an arbitrator's benefit review determinations, and the regulations promulgated thereunder.[1] We disagree.

In *Western Baptist Hosp. v. Kelly,* Ky., 827 S.W.2d 685, 687–88 (1992), our Supreme Court described as follows this Court's role as a reviewer of Board decisions:

> The WCB is entitled to the same deference for its appellate decisions as we intend when we exercise discretionary review of Kentucky Court of Appeals decisions in cases that originate in circuit court. The function of further review of the WCB in the Court of Appeals is to correct the Board only where the [ ] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an

---

1. Homestead also maintains that the guarantees of procedural and substantive due process in both the federal and Kentucky Constitutions require that the medical benefit and TTD awards at issue here be subject to immediate review. It argues, therefore, that, as interpreted by the Board, KRS 342.275 is unconstitutional. Before this Court may address a challenge to the constitutionality of a statute or regulation, however, the Attorney General must be notified. CR 24.03; KRS 418.075. Homestead has failed to give such notice. Our Supreme Court has held that the notification requirement is mandatory and should be strictly enforced. *Maney v. Mary Chiles Hospital,* Ky., 785 S.W.2d 480 (1990). Accordingly, we must decline to address the constitutional question.

error in assessing the evidence so flagrant as to cause gross injustice.

Although our review of the Board's statutory interpretations is less deferential than our review of its factual determinations, *Uninsured Employers' Fund v. Garland,* Ky., 805 S.W.2d 116 (1991), nevertheless, an administrative agency's construction of its statutory mandate, particularly its construction of its own regulations, is entitled to respect and is not to be overturned on appeal unless clearly erroneous. *J.B. Blanton Company, Inc. v. Lowe,* Ky., 415 S.W.2d 376 (1967).

■ Homestead maintains that the Board's ruling is clearly erroneous here. It acknowledges that, prior to the 1996 amendments to the Workers' Compensation Act, an ALJ's interlocutory awards of TTD or medical benefits were not ripe for either administrative or judicial appeal. *Ramada Inn v. Thomas,* Ky., 892 S.W.2d 593 (1995); *Transit Authority of River City v. Saling,* Ky.App., 774 S.W.2d 468 (1989). It argues, however, that the 1996 statutory changes—which, among other innovations, introduced arbitration to the claims processing system—contemplate immediate review of an arbitrator's benefit award regardless of whether the award is final or interlocutory. Homestead relies on KRS 342.275, **Appeal of benefit review determination,** which provides for *de novo* review of arbitrator rulings. Homestead contends that because the statute does not expressly condition the right to review on the finality of the arbitration proceeding, a right to appeal from interlocutory rulings should be inferred. It notes, too, that the Board's 1997 implementing regulations provided for review of arbitration awards without mentioning finality. 803 KAR 25:010 § 12 (1997). In contrast, the regu-

lation providing for appeal of an ALJ's decision to the Board required that the order appealed from be final "in accordance with Civil Rule 54.02(1) and (2)." 803 KAR 25:010 § 23 (1997).

We are not persuaded that, in the revised Workers' Compensation Act, the General Assembly included a right to appeal from interlocutory arbitration awards. Such a mandate would run counter to the broad discretion otherwise accorded the Board to devise its own procedures, and would run counter as well to the purpose of the 1996 amendments to the Act. Those amendments were intended to simplify and streamline the claims settlement process. Subjecting the arbitrator's interlocutory awards to immediate appellate scrutiny, however, would undermine the legislature's goal of creating a simpler process, and the delay necessary for review, particularly an initial *de novo* review, would negate its goal of making the process less time consuming. Given these countervailing considerations, we are unwilling to read into the silence of KRS 342.275 the "unfettered right of appeal" that Homestead finds there.

Nor are we persuaded that the Board created a right to appeal from interlocutory arbitration awards in its regulations. We agree with Homestead that the Board *could* provide for such appeals. The Board's broad authority to fashion its own procedures is shown by its exemption from the adjudicatory provisions of the Administrative Procedures Act. KRS 13B.020(3)(e). Furthermore, 803 KAR 25:010 § 23 refers to CR 54.02, indicating that the Board is aware that, although piece-meal appeals are not to be allowed, complex claims may sometimes be divided efficiently into independent portions.[2] We are not persuaded,

---

**2.** The record does not make clear whether this is what the arbitrator had in mind when he "bifurcated" Parker's claim.

however, that the Board exercised its procedural authority in this instance in the way Homestead contends. The Board itself, after all, rejected Homestead's interpretation of the regulations, and aside from limitations imposed by the contemporaneous construction doctrine, which has no applicability here, the Board's interpretation of its own regulations is entitled to considerable deference. *J.B. Blanton Company, Inc. v. Lowe, supra.*

The Board modified its regulations, moreover, shortly after Homestead's appeal, and eliminated the distinction between arbitrator awards and ALJ awards upon which Homestead relies. The 1998 regulations provide that

> [n]o appeal shall be taken from a written benefit review determination that does not grant or deny the ultimate relief sought as to all parties without the need for further steps to be taken.

803 KAR 25:010 § 12 (1998). This addition to section 12, we believe, was intended to clarify the regulation, not to alter it. We further believe, therefore, that the 1997 regulations should be understood as limiting the right to review in the same way. In this case, Parker seeks permanent disability income benefits. There has yet been no determination of his entitlement to that ultimate relief. Under the regulations, therefore, Homestead's right to *de novo* review by an ALJ has not yet ripened.

Finally, Homestead argues that its right to appeal immediately from the award of TTD and medical benefits should be inferred from the fact that, otherwise, its undisputed right to appeal will be rendered essentially meaningless. Once paid, Homestead maintains, these benefits are unlikely to be recovered. The "right" to seek recovery on appeal, therefore, is really no right at all. As noted above, Homestead has failed to preserve for our review certain constitutional issues allegedly implicit in this contention. Aside from the constitutional issues, however, this argument was rejected in *Ramada Inn v. Thomas, supra,* and *Transit Authority of River City v. Saling, supra.* Even if we agreed with this argument, therefore, we could not, on this ground, find Homestead entitled to relief.

█ To summarize, Homestead asserts a right to appeal from an interlocutory ruling by an arbitrator which found it liable for TTD and medical benefits. This purported right is not expressly granted in either the Workers' Compensation Act or the regulations promulgated thereunder, but Homestead insists that it can and should be inferred. We disagree. The Workers' Compensation Act and the Board's implementing regulations attempt to balance the often divergent interests of injured workers and their employers. The statutory and regulatory provisions for interlocutory relief strike that balance in a particular way. The right Homestead has asserted would materially affect that balance. We are simply not persuaded that, had such an important right been intended, both the General Assembly and the Board would have failed to say so.

For these reasons, we affirm the September 21, 1998, ruling of the Workers' Compensation Board that Homestead's attempted appeal from the June 24, 1998, interlocutory award of TTD and medical benefits was premature.

ALL CONCUR.