RENDERED: JUNE 10, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0355-WC

DOUG GABEHART, LLC D/B/A ALL
AMERICAN CONSTRUCTION                                            APPELLANT

                              PETITION FOR REVIEW OF A DECISION
v.                       OF THE WORKERS' COMPENSATION BOARD
                                  ACTION NO. WC-20-00168

PAUL DICKEN; HONORABLE JOHN
H. McCRACKEN, ADMINISTRATIVE
LAW JUDGE; UNINSURED
EMPLOYERS' FUND; AND
WORKERS' COMPENSATION
BOARD                                                            APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, McNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Doug Gabehart, LLC, d/b/a All American Construction,

(Gabehart) petitions this Court to review a February 26, 2021, Opinion of the

Workers' Compensation Board (Board) dismissing the appeal as interlocutory. We affirm.

Paul Dicken was an employee of Gabehart. On November 21, 2019, Dicken fell from a roof while at work and sustained extensive leg injuries. Dicken filed a claim for workers' compensation benefits against Gabehart. Gabehart denied that Dicken was an employee; rather, he claimed Dicken was an independent contractor. The Department of Workers' Claims determined that Gabehart did not carry insurance; thus, the Uninsured Employers' Fund was joined as a party.

Dicken filed a motion for interlocutory relief seeking entitlement to temporary total disability (TTD) benefits and payment of medical expenses. By order entered July 20, 2020, the Administrative Law Judge (ALJ) denied the motion. Subsequently, additional evidence was filed of record, and by interlocutory order, a different ALJ awarded Dicken $311.20 per week in TTD benefits and medical expenses. The ALJ determined that Dicken had not reached maximum medical improvement and placed the case in abeyance.

A petition for reconsideration was filed, and the ALJ amended its interlocutory order by reducing the amount of TTD benefits to $207.47 per week, by order entered January 15, 2021.

Gabehart then sought review with the Board. By Opinion entered February 26, 2021, the Board concluded that the ALJ's July 20, 2020, and January 15, 2021, orders were nonfinal and nonappealable. For this reason, the Board dismissed the action and remanded to the ALJ for additional proceedings. Our review follows.

Gabehart contends that the Board erroneously concluded that the ALJ's July 20, 2020, and January 15, 2021, orders were interlocutory and nonfinal. Gabehart argues that the ALJ lacked authority to overrule the prior decision by a different ALJ to deny TTD benefits and medical expenses.

Upon review of the Board's opinion, we believe it properly sets forth the law, and we adopt its reasoning herein:

> Dicken filed a Form 101 alleging he suffered work-related injuries to his right foot and leg as a result of falling from a roof on November 21, 2019, while he was working as a roofer for Gabehart. Dicken and Gabehart both testified by deposition and at the hearing. The ALJ also considered medical proof. The ALJ bifurcated the claim to determine the threshold issues of whether Dicken was an employee versus independent contractor.

> In the December 14, 2020[,] Interlocutory Opinion, Award, and Order, the ALJ stated as follows regarding the issue of employee versus independent contractor:

> . . . .

The ALJ relies on Gabehart and Dicken to find that on November 21, 2019, Dicken was an employee of Gabehart and not an independent contractor. The ALJ finds it important that Gabehart admitted he employed Dicken on the date of the accident. This is in addition to the fact that Gabehart controlled almost every aspect of the work Dicken performed, including finding the jobs, supplying tools, setting the work day and location, and hourly pay.

The ALJ placed the case in abeyance pending Dicken attaining MMI and ordered payment of TTD benefits and medical benefits.

Because we conclude the ALJ's [O]pinion and Order on Petition for Reconsideration are not final and appealable, we dismiss this appeal.

803 [Kentucky Administrative Regulations (KAR)] 25:010 Sec. 21 (2)(a) provides as follows:

> [w]ithin thirty (30) days of the date a final award, order, or decision rendered by an administrative law judge pursuant to [Kentucky Revised Statutes (KRS)] 342.275(2) is filed, any party aggrieved by that award, order, or decision may file a notice of appeal to the Workers' Compensation Board.

803 KAR 25:010 Sec. 21 (2)(b) defines a final award, order or decision as follows:

> "[a]s used in this section, a final award, order or decision shall be determined in accordance with Civil Rule 54.02(1) and (2)."

-4-

[Kentucky Rules of Civil Procedure] 54.02(1) and (2) state[] as follows:

> (1) When more than one claim for relief is presented in an action . . . the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

> (2) When the remaining claim or claims in a multiple claim action are disposed of by judgment, that judgment shall be deemed to readjudicate finally as of that date and in the same terms all prior interlocutory orders and judgments determining claims which are not specifically disposed of in such final judgment.

Hence, an order of an ALJ is appealable <u>only</u> if: 1) it terminates the action itself; 2) acts to decide all matters litigated by the parties; and, 3) operates to determine all the rights of the parties so as to divest the ALJ of authority. *Tube Turns Division v. Logsdon*, 677 S.W.2d 897 (Ky. App. 1984); *cf. Searcy v. Three Point Coal Co.*, 280 Ky. 683, 134 S.W.2d 228 (1939); and *Transit Authority of River City v. Sailing*, 774 S.W.2d 468 (Ky.

App. 198[9]); *see also Ramada Inn v. Thomas*, 892 S.W.2d 593 (Ky 1995).

The ALJ only determined Dicken was an employee of Gabehart. No determination was made regarding Dicken's entitlement to permanent income benefits, permanent medical benefits, or any other remaining contested issues. After reviewing the ALJ's December 14, 2020[,] Opinion and January 15, 2021[,] Order, it is readily apparent they do not operate to terminate the action or finally decide all outstanding issues, thereby divesting the ALJ once and for all of the authority to decide the merits of the claim.

That said, Dicken's appeal must be dismissed, and the clam is remanded to the ALJ to conduct all proceedings necessary for a final decision on all issues. Once the ALJ has issued a final determination regarding all issues, any aggrieved party may file an appeal.

Board's Opinion at 2-6.

In sum, we conclude that the order awarding TTD benefits and medical expenses is interlocutory and nonappealable. *KI USA Corp. v. Hall*, 3 S.W.3d 355, 358 (Ky. 1999); *Ramada Inn v. Thomas*, 892 S.W.2d 593, 594 (Ky. 1995). For this reason, we are of the opinion that the Board properly dismissed and remanded to the ALJ.

For the foregoing reasons, we affirm the Opinion of the Workers' Compensation Board.

ALL CONCUR.

BRIEF FOR APPELLANT:

Larry D. Ashlock
Elizabethtown, Kentucky

BRIEF FOR APPELLEE PAUL
DICKEN:

Timothy J. Wilson
Lexington, Kentucky